32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kurt S. STRICKLEN, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
Kurt S. STRICKLEN, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION; National Transportation
Safety Board, Respondents.
 Nos. 93-70095, 93-70386.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1994.
Decided July 25, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these consolidated appeals, Kurt S. Stricklen petitions for review of an order of the National Transportation Safety Board (NTSB or Board) affirming an emergency order of the Federal Aviation Administration (FAA), revoking his airline transport pilot certificate. The Board affirmed a decision by Administrative Law Judge Jerrell R. Davis upholding the revocation on the grounds that Stricklen (1) rolled an aircraft not certified to perform acrobatic maneuvers; (2) performed the roll while carrying a passenger who was not equipped with a parachute; (3) failed to report the maneuver immediately, and operated the aircraft before a thorough inspection could confirm that the roll had not affected the plane's airworthiness; and (4) in doing these things, recklessly endangered life or property.
 
 
 3
 Stricklen first contends that the ALJ erred by refusing to grant summary judgment in his favor as a sanction for the FAA's failure to comply with his discovery requests. He asserts that, because the FAA failed to respond to a list of 31 specific requests for admissions before the hearing, all of the admissions he sought should have been deemed admitted pursuant to Fed.R.Civ.P. 36(a). Accepting these admissions as proven, he contends, compels summary judgment in his favor. We find no error in the ALJ's discovery rulings. The Federal Rules of Civil Procedure do not govern Board proceedings, 49 C.F.R. Sec. 821.19(c) ("[t]he Federal Rules and the case law that construes them shall be considered by the Board and its law judges as instructive rather than controlling"). Moreover, Stricklen has not shown that the information he sought was significantly different from the information that had been produced by the FAA before the hearing or that earlier receipt of answers to the discovery requests would have changed the outcome of the hearing in any meaningful way. Janka v. NTSB, 925 F.2d 1147, 1152 (9th Cir.1991) (errors in agency adjudicative proceedings are grounds for reversal only if substantial and prejudicial).
 
 
 4
 Stricklen next contends that because his passenger at the time of the maneuver in question was a pilot flying free of charge, the Board erred in finding a violation of 14 C.F.R. Sec. 91.307(c), forbidding acrobatic maneuvers in flights carrying non-crewmembers who are not equipped with parachutes.[1] We reject this argument. Substantial evidence supports the Board's conclusions that the flight was a regularly scheduled passenger flight and that the off-duty pilot seated in the aircraft's cabin at the time of the maneuver traveled as a passenger, not as a crewmember.[2] Tur v. FAA, 4 F.3d 766, 770 (9th Cir.1993) (NTSB factual findings reviewed for substantial evidence).
 
 
 5
 Stricklen further argues that the flight in question was a "ferry flight," conducted under more lenient safety standards than those governing commercial flights. He claims, therefore, that the Board should not have applied the provisions of 14 C.F.R. Part 135 to his conduct, and, specifically, that he should not have been charged with a violation of section 135.21(a). This argument is of little moment in light of the FAA's concession, on appeal, that there has been no violation of Sec. 135.21(a). Moreover, even according to the regulatory interpretations Stricklen himself advances, a "ferry flight" is a flight undertaken without any passengers or cargo for the exclusive purpose of moving an aircraft to a different place. See Twentieth Century Aircraft, Inc. v. United States, 351 F.2d 155, 156 n. 1 (9th Cir.1965). As already noted, the Board's determination that there was a passenger on board the aircraft is supported by substantial evidence and is consistent with the regulations.
 
 
 6
 Stricklen next contends that the ALJ abused his discretion by permitting a third-party attorney to question Stricklen at the hearing. While we agree that this was a poor practice, the information elicited by the attorney went to credibility only, and did not pertain to any of the substantive violations charged. Moreover, at the time of questioning, Stricklen had already admitted to alteration of a flight manifest, the most damaging information elicited by the attorney. Accordingly, there was no undue prejudice. See Janka, 925 F.2d at 1152.
 
 
 7
 Stricklen next contends that the FAA's destruction of radar data within its control should have given rise to the inference that the data would have supported Stricklen's contention that the roll was necessary to avoid a head-on collision. This argument is without merit. The tapes were destroyed pursuant to FAA policy, and the destruction could have been avoided if Stricklen himself had reported his allegation of a near-miss to the FAA in a timely manner. The Board's finding that there was no emergency is supported by substantial evidence in the record, and whether the tapes would have borne out Stricklen's story is a matter of sheer speculation. In such circumstances, the destruction of the tapes does not give rise to an inference adverse to the FAA. See Administrator v. Meili, NTSB Order No. EA-3340, 1991 NTSB Lexis 108 at * 11-* 12 (1991) (sanction affirmed, despite destruction of tapes which might have shown existence of emergency, where substantial evidence supported finding of no emergency).
 
 
 8
 Stricklen challenges the Board's finding that he violated 14 C.F.R. Sec. 91.13(a), which prohibits operation of an aircraft in a reckless manner. He contends that a violation of this section cannot be established derivatively, that is, by proof of conduct that itself violates other regulations. We reject this argument. Regardless of whether the Board relied only on conduct that was the basis for the other charges, its finding of reckless conduct is well supported in the record. There was substantial evidence that Stricklen rolled a plane that was not designed for acrobatics and later permitted the aircraft to be used in for-hire service without attempting to secure a thorough inspection. To the extent that he contends that the Board applied the wrong standard in violation of our decision in Essery v. Department of Transp., 857 F.2d 1286, 1290 (9th Cir.1988), we have rejected a similar argument in Nehez v. NTSB, No. 93-70764, slip op. at ---- (9th Cir. _____).
 
 
 9
 Finally, Stricklen contends that the sanction imposed is too harsh. He specifically points to the FAA's concession that he should not have been charged, pursuant to Sec. 135.21, with failing to comply with his airline's operations manual. We have previously considered the FAA's motion to remand on this ground, and we remain convinced that deletion of the Sec. 135.21 charge would not change the Board's sanction. The Board's decision was based on its well-supported finding that petitioner conducted an improper maneuver for no appropriate reason and endangered passengers by failing to report the maneuver. We also disagree with Stricklen's contention that the sanction is contrary to the Agency's written policies. The Sanction Guidance Table cited by Stricklen provides the Board with discretion to impose harsh sanctions in connection with incidents of multiple violations or if other aggravating circumstances are found. FAA Order 2150.3A, App. 4. The Board adequately explained its basis for upholding a departure from the Guidance Table and its affirmance of the sanction of revocation. We find no error in the Board's interpretation of its sanctioning authority or abuse of discretion in the chosen sanction. See Cobb v. NTSB, 572 F.2d 202, 204 (9th Cir.1977) ("NTSB has broad discretion in determining the punishment for violations of the regulations").
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 91.307 provides:
 (c) unless each occupant of the aircraft is wearing an approved parachute, no pilot of a civil aircraft carrying any person (other than a crewmember) may execute any intentional maneuver that exceeds--(1) a bank of 60 degrees relative to horizon....
 
 
 [2]
 The applicable regulations define "crewmember" as "a person assigned to perform duty in an aircraft during flight time." 14 C.F.R. Sec. 1.1